IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2006

**STATE OF TENNESSEE v. TENICA DICKERSON**

**Appeal from the Circuit Court for Madison County**
**No. 05-289    Donald H. Allen, Judge**

**No.  W2005-02941-CCA-R3-CD  - Filed August 22, 2006**

The defendant, Tenica Dickerson, and her sister, Latamia Dickerson, were involved in an argument at a Waffle House in Jackson.  She was arrested and charged with disorderly conduct.  A jury convicted her for the charged offense.  The trial court sentenced her to thirty days to be served at seventy-five percent.  The defendant appeals the trial court's judgment arguing that the evidence is insufficient to support her conviction.  We have reviewed the record and find that there is sufficient evidence.  Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS JJ., joined.

Gregory D. Gookin, Jackson, Tennessee, for the appellant, Tenica Dickerson.

Paul G. Summers, Attorney General & Reporter; CameronL. Hyder, Assistant Attorney General; Jerry Woodall, District Attorney General, and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In the early morning hours of January 31, 2005, the defendant and Latamia Dickerson were inside a Waffle House in Jackson.  The defendant and a man at the Waffle House began to argue.  During the argument, the man pushed the defendant three times.  The man and about five to nine of his friends surrounded the defendant and her sister inside the restaurant.  At this point, a worker at the Waffle House told the defendant that she was going to call the police.  When the police arrived, the man and one friend quickly left the restaurant.  The defendant and her sister walked out of the door back-to-back because they felt threatened by the group of people.

Officer Royal Cole and Officer Steven Story arrived at the Waffle House on January 31, 2005 at about 4:00 a.m. Officer Story arrived at the Waffle House parking lot first and discovered five to ten individuals engaged in a verbal argument. Officer Story ordered everyone into their cars. When Officer Cole arrived and saw the end of the verbal confrontation, he thought it was possibly also the end of a physical confrontation. Officer Cole described the environment as hostile and believed that it was a hazardous situation. When the officers were both out of their vehicles, everyone proceeded to their cars except for the defendant and her sister. From across the parking lot, the defendant and her sister continued to yell and argue with the individuals who were leaving. At this point, the officers instructed the defendant and her sister to get in their car and leave. Officer Cole instructed them to get in their car in an effort to restore the peace. The other people involved in the altercation were leaving, so there was no reason for the defendant and her sister to continue the argument. After this instruction, the two women continued to yell at the people who were leaving the Waffle House. The defendant in particular was yelling profanities. The defendant turned around, but her sister kept yelling at the other individuals. Officer Story began to arrest Latamia for disorderly conduct. At this point, the defendant began to argue with the officers in an attempt to keep them from arresting her. Officer Cole arrested the defendant for disorderly conduct. According to the defendant, she attempted to inform the officers about the altercation in the restaurant, but they did not listen to her story. The defendant did not attempt to press charges against the man who pushed her.

On May 2, 2005, the Madison County Grand Jury indicted the defendant for one count of disorderly conduct, which is a Class C misdemeanor. A jury trial was held on September 7, 2005. At the conclusion of the trial, the jury found the defendant guilty as charged. On October 11, 2005, the trial court sentenced the defendant to thirty days to be served at seventy-five percent. The defendant filed a timely notice of appeal.

## ANALYSIS

The defendant's sole issue on appeal is that the evidence was insufficient to support her conviction. When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the state. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the state "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929

S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

Disorderly conduct is found at Tennessee Code Annotated section 39-17-305 which states, "(a) A person commits an offense who, in a public place and with intent to cause public annoyance or alarm: (1) Engages in fighting or in violent or threatening behavior; . . . (3) Creates a hazardous or physically offensive condition by any act that serves no legitimate purpose." Tenn. Code Ann. § 39-17-305(a)(1), -(3).

The State presented the two arresting officers, Officer Cole and Officer Story, as witnesses. Both officers testified that the defendant was yelling obscenities and arguing with several people in the parking lot at the Waffle House when the officers arrived. The other individuals were in the process of leaving in their cars. When the officers told the defendant to get in her car and leave, she continued to act in an angry and threatening manner. Both officers testified that the defendant was very angry and that it was a potentially dangerous situation.

The defendant and her sister stated that the defendant was not yelling. The defendant stated that she was happy to see the officers initially because of the altercation that occurred inside the Waffle House. However, she soon became scared of the officers because they appeared to be mad. The defendant testified that she was very calm while she was in the parking lot and attempted to get her sister to get in the car. Officer Story arrested Latamia. At this point, the defendant began pleading with the officer not to arrest her sister. She said she attempted to tell him what happened inside the restaurant. Officer Cole arrested the defendant during this interlude. The defendant tried to tell several officers about the altercation inside the restaurant, but they would not listen to her.

Officer Cole also testified on rebuttal. During his rebuttal testimony, he stated that the defendant was indeed yelling when he arrived in the parking lot. She was not calm during the situation. He did not remember the defendant attempting to try to file a report concerning the altercation inside the Waffle House.

The arresting officers and the defendant and her sister offer two varying accounts of the situation. As we stated above, the jury resolves questions of credibility of the witnesses, as well as all factual issues raised by the facts. Pruett, 788 S.W.2d at 559. The jury obviously found the officers' testimony to be more credible. When the facts as presented at trial are viewed in a light most favorable to the State there is ample evidence to support the defendant's conviction of disorderly conduct. She was engaging in threatening behavior, as well as causing a hazardous situation for no apparent reason, because the other individuals involved were disbursing as they were ordered by the officers.

-3-

For this reason, this issue is without merit.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we affirm the judgment of the trial court.

_____

JERRY L. SMITH, JUDGE